**I.A.M. NATIONAL PENSION FUND, PLAN A, A BENEFITS, et al., Plaintiffs,**

v.

**SLYMAN INDUSTRIES, INC., et al., Defendants.**

**Civ. A. No. 87–0847.**

United States District Court, District of Columbia.

Jan. 31, 1989.

---

**302**

Robert T. Osgood, Washington, D.C., for plaintiffs.

Denis F. Gordon, Gordon & Barnett, Deborah A. Folloni, Seyfarth, Shaw, Fairweather & Geraldson, Washington, D.C., and William Nichols, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for defendants.

## ORDER

CHARLES R. RICHEY, District Judge.

The parties have moved for a clarification of this Court's Order of August 23, 1988. In that Order, the Court granted summary judgment in favor of the Plaintiffs (the "Fund") with respect to the obligations of several employers, the Defendants herein (the "Employers"), to contribute accrued benefits to a multi-employer benefit plan organized under ERISA. The issue now before the Court is the propriety of the award of post-judgment interest contained in that Order.

The Order granted interest at a daily rate of $56.12, accruing from the date of judgment. This daily amount reflected the interest rate which, according to the multi-employer plan at issue, would accrue against delinquent contributions.

The Fund contends that the Court erred under ERISA in not *doubling* the daily post-judgment interest award. The Fund notes, correctly, that pre-judgment interest awards are effectively doubled under 29 U.S. § 1132(g)(2). Here, the Court did double the amount of *pre*-judgment interest, but did not double the amount of *post*-judgment interest. The Fund argues that be-

cause § 1132(g)(2) lacks a temporal restriction, and draws no distinction between prejudgment and post-judgment interest awards, the Court should have read § 1132(g)(2) to require the doubling of post-judgment interest as well.

The Employers argue in response that § 1132(g)(2) does not permit the doubling of post-judgment interest, and further, that the Court erred in not applying the general post-judgment interest formula for federal damage awards contained in the Federal Courts Improvements Act of 1982 (the "FCIA"), 28 U.S.C. § 1961.

The Court agrees with the Employers. The Order of August 23, 1988 erred in awarding post-judgment pursuant to a formula not derived from 28 U.S.C. § 1961. If the provisions of ERISA controlled an award of post-judgment interest in this context, the Court agrees with the Fund that interest-doubling under § 1132(g)(2) would be proper.[1] However, it appears that § 1132(g)(2) simply does not control as to post-judgment interest.

This conclusion flows from ERISA's express deference to other provisions of federal law, contained at ERISA § 514(d), 29 U.S.C. § 1144(d). That provision states that "[n]othing in this title [ERISA] shall be construed to alter, amend, modify, invalidate, impair, or supersede any law of the United States...." At the time of ERISA's enactment in 1974, 28 U.S.C. § 1961 provided the exclusive statutory mechanism for the assessment of post-judgment interest on damage awards in federal courts. Although the FCIA subsequently amended § 1961 to provide for a single, exclusively federal mechanism for the computation of post-judgment interest, § 1961 was firmly in place at the time of ERISA's enactment. Therefore, § 1961 must be regarded as one of the provisions of existing federal law which ERISA took pains not to displace.[2] As such, giving full

---

**1.** Accordingly, the Court agrees with the Fund when it states that "the assessment of post-judgment interest in the manner reflected in the Court's Order is not authorized by any statute." Plaintiffs' Memorandum at 3.

**2.** Without deciding the question, the Court notes that the result might be different if § 1961 had been enacted subsequent to ERISA's adoption in 1974. The language employed in § 1144(d) seems to suggest that ERISA defers only to federal law *in existence* at the time of ERISA's adoption. *See, e.g., Waits v. Weller,* 653 F.2d

effect to ERISA § 1144(d), any computation of post-judgment interest on the award entered in this action must take place in accordance with the standard articulated in § 1961, and not pursuant to § 1132(g)(2) of ERISA.[3]

Accordingly, it is, by the Court, this 31st day of January, 1989,

ORDERED, that the Court's Order of August 23, 1988, is hereby vacated insofar as it awards post-judgment interest at a daily rate of $56.12; and it is further

ORDERED, that post-judgment interest in the above-captioned action shall be awarded in an amount to be determined in accordance with the formula specified in 28 U.S.C. § 1961.

William C.E. Robinson, Washington, D.C., for defendants.

Darryl F. White, Washington, D.C., for plaintiffs.

1288, 1292 (9th Cir.1981) ("Congress [in § 1144(d)] specifically provided that ERISA was not intended to supersede any *existing federal law*") (emphasis added). Thus, a persuasive argument might be made that § 1144(d) would not limit ERISA as against *subsequently* enacted federal law. Here, of course, § 1961 *was* in existence at the time of ERISA's adoption (albeit in predecessor form), and, although it is not a statute of the type that § 1144(d) clearly intended to preserve (such as the McCarron-Ferguson Act), it must therefore be given prece-

dence over any effect that § 1132(g)(2) might otherwise have.

3. The Court disagrees with the analysis in *Speckmann v. Paddock Chrysler Plymouth, Inc.,* 565 F.Supp. 469 (E.D.Mo.1983), insofar as the court in *Speckmann* appears not to have considered the relevance of either ERISA § 1144(d) or 28 U.S.C. § 1961 to an award of post-judgment interest under ERISA.